IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOHN G. HUDGENS,

    Plaintiff,

v.

UNIVERSITY OF MEMPHIS,

    Defendant.

Case No. _____

**JURY DEMANDED**

_____

**COMPLAINT**
_____

COMES NOW Plaintiff, John G. Hudgens, and brings this civil rights action against his employer, the University of Memphis. Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, *et seq.* ("Title VII"). As set forth herein, Plaintiff was subjected to unlawful employment practices by Defendant constituting race discrimination and retaliation in violation of Title VII.

## I. PARTIES

1.    Plaintiff, John G. Hudgens, is a resident citizen of Shelby County, Tennessee and a police officer with the University of Memphis Police Department.

2.    Defendant University of Memphis is a public university located at 3720 Alumni Avenue, Memphis, Tennessee 38152 and is governed by a local board of trustees. It can be served with process at the Office of Legal Counsel, C/O Melanie Murry, Legal Counsel, 201 Administration Building, the University of Memphis, Memphis, Tennessee 38152.

## II.  JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's discrimination and retaliation claims pursuant to 42 U.S.C. 2000e.

4. Venue is proper in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III. STATEMENT OF FACTS

5. Plaintiff was hired by Defendant on or about August 12, 2012, as a police officer. Prior to his employment with Defendant, Plaintiff worked as a police officer with the Memphis Police Department for over 30 years.

6. Throughout his employment with Defendant, Plaintiff has consistently met or exceeded expectations in his job performance as is evidenced by his performance evaluations and commendations.

7. Plaintiff is a white male.

8. Since he began his employment with Defendant's police department, Plaintiff has suffered and continues to suffer harassment and disparate treatment based upon his race by his supervisor, Lt. Robert Crout ("Crout").

9. Crout is a black male.

10. Crout has made racially offensive comments to Plaintiff and in front of Plaintiff including, but not limited to:

   A. a comment made during a role call attended by Plaintiff and other white officers that Crout was the "HNIC" and that the officers would "get used to it";

   B. a comment made during a role call attended by Plaintiff and other white officers that "some whites" have problems taking orders from a black officer;

   C. referring, on more than one occasion, to the white police officers as "goddamned white motherfuckers";

   C. referring to another police officer as "Pablo" and "lazy Mexican";

   D. referring to another white police officer as "ball-licker";

11. In October 2017, Plaintiff participated in an EEO complaint filed by a fellow police officer, Kelly Straub, in which Straub claimed gender and race discrimination.

12. Following Plaintiff's participation in Straub's EEO complaint, Plaintiff was subjected to harassment, intimidation and disparate treatment by his African-American superiors, including but not limited to Crout.

13. Such harassment and intimidation includes, but is not limited to, assignments to shifts short on manpower, assignments to higher work load areas, and assignments to work with faulty equipment and equipment in disrepair.

14. In February 2017, Sargent Marco Anderson ("Anderson") was assigned as Plaintiff's supervisor.

15. Anderson is a black male.

16. Since Anderson was assigned as Plaintiff's supervisor, Plaintiff and other white employees have be denied overtime, while other African-American police officers similarly-situated to Plaintiff were given overtime.

17. On November 17, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") in Memphis, Tennessee, Charge No. 490-2017-00392 (the "First Charge") alleging discrimination based upon his race and retaliation. A true and correct copy of the charge is attached hereto as Exhibit A.

18. The First Charge was filed within 300 days of the adverse employment actions complained about herein.

19. Since the filing of the First Charge with the EEOC, Plaintiff and other employees who filed EEO charges against the University of Memphis, have been denied overtime while other police officers who have not filed EEO charges against the University of Memphis were given overtime.

20. On August 9, 2017, the EEOC issued a Notice of Right to Sue Within 90 Days to Plaintiff (the "Second Notice") on the First Charge. A true and correct copy of the Notice is attached hereto as Exhibit B.

21. On May 10, 2017, Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") in Memphis, Tennessee, Charge No. 490-2017-01749 (the "Second Charge") alleging discrimination based upon his race and retaliation. A true and correct copy of the charge is attached hereto as Exhibit C.

22. The Second Charge was filed within 300 days of the adverse employment actions complained about herein.

23. On May 17, 2017, the EEOC issued a Notice of Right to Sue Within 90 Days to Plaintiff (the "Second Notice") on the Second Charge. A true and correct copy of the Notice is attached hereto as Exhibit D.

24. Other similarly-situated individuals who have not participated as a witness in the EEO process or voiced opposition to perceived discriminatory practices have been treated more favorably than Plaintiff.

25. Other similarly-situated African-American individuals have been treated more favorably than Plaintiff.

26. Plaintiff has exhausted his administrative remedies.

27. This action is timely filed.

## IV. CAUSE OF ACTION

## VIOLATIONS OF THE TITLE VII

28. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

29. Defendant's actions constitute unlawful race discrimination and retaliation in violation of Title VII.

30. As a direct and proximate result of Defendant's intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to lose significant wages and benefits and has sustained other pecuniary loss. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as emotional distress.

31. Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional and statutory rights of Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1. An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Reinstatement;

3. Front pay and the value of future lost benefits if reinstatement is not feasible;

4. Compensatory damages for emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendants in an amount to be determined by the jury;

6. All costs, expenses, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under Title VII

7. A Declaration that Defendant's practices as complained of herein to be in violation of Title VII;

8. Injunctive relief;

9. A trial by jury; and

9. Such further legal and equitable relief as is deemed just and proper.

    Respectfully Submitted,

    /s/ James M. Allen

    JAMES M. ALLEN BPR 015968
    Attorney for Plaintiff
    ALLEN LAW FIRM, PLLC
    212 Adams Avenue
    Memphis, TN 38103
    901-321-0731 P
    901-321-0751 F
    jim@jmallenlaw.com